IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| CHRISTOPHER ALAN BLAIN, | 1:23-CV-00144-RAL |
| Petitioner | RICHARD A. LANZILLO<br>Chief United States Magistrate Judge |
| v. | |
| WARDEN HUTCHINSON, | MEMORANDUM OPINION ON<br>PETITION FOR WRIT OF HABEAS<br>CORPUS |
| Respondent | ECF No. 5 |

I.   Introduction

Pending before the Court is the petition for a writ of habeas corpus filed by Petitioner Christopher Alan Blain pursuant to 28 U.S.C. § 2241. ECF No. 5. For the reasons set forth below, Blain's petition will be denied.

II.   Background

On December 16, 2014, the United States District Court for the Southern District of Ohio sentenced Petitioner to a term of 222 months incarceration. ECF No. 13-5. Petitioner is currently incarcerated at the Federal Correctional Institution (FCI) at McKean. Assuming he receives all Good Credit Time available to him, Petitioner's projected release date is June 30, 2026. ECF No. 13-2.

On July 30, 2022, Corrections Officer Jared Kish, a guard at Petitioner's prior place of incarceration, FCI Hazelton, approached Petitioner and instructed him to go to a holding cell. ECF No. 6 at p. 2; ECF No. 13-4 at p. 4. According to Kish, he instructed Petitioner to submit to a

1

urinalysis test, but Petitioner refused and repeatedly berated staff with offensive pejoratives. ECF No. 13-4 at pp. 3-4. Petitioner also allegedly stated: "I'm not going to show you fags my dick. I'm a jail house lawyer and I know my rights. I'll have your jobs you fat piece of shit." *Id*. at p. 4.

For his part, Petitioner maintains that Kish, after securing him in the holding cell, placed an electronic bullhorn next to the tray slot and proceeded to yell at him for about 45 minutes. ECF No. 6 at p. 2. Kish reportedly subjected to Petitioner to offensive sexual statements and inquiries. *Id*. After some time, Kish asked Petitioner to submit to a urinalysis, and he agree. *Id*. at p. 3. Despite Petitioner's affirmative response, Kish took him to the Special Housing Unit (SHU) and accused him of refusing to submit to a urinalysis. *Id*.

The following day, Petitioner received Incident Report No. 3657190 charging him with "Refusing Drug/Alcohol Test" and "Being Insolent to a Staff Member." ECF No. 13-4. A security officer advised Petitioner of his right to remain silent and he initially declined to make a statement. *Id*. The matter was then referred to a Discipline Hearing Officer (DHO) for further review and adjudication. *Id*. After being advised of his rights at the upcoming DHO hearing, Petitioner signed a form acknowledging that he understood his rights. *Id*. at p. 10. Petitioner waived his right to a staff representative and declined to call any witnesses. *Id*. at p. 2.

Petitioner's disciplinary hearing before the DHO took place on August 24, 2022. ECF No. 13-4 at p. 2. He again confirmed that he had received a copy of the incident report, understood his rights, and did not want the assistance of a staff representative. *Id*. Speaking on his own behalf, Petitioner stated: "I did not do this. I have never failed/refused a drug test." *Id*. In addition to Petitioner's statement, the DHO reviewed the officer's written eyewitness account, the incident report, and the motivations of the respective parties. *Id*. at pp. 3-4. The DHO acknowledged that

Petitioner had requested a review of video evidence but noted the absence of video surveillance in that part of the prison. *Id.* at p. 4. Based on the foregoing, the DHO concluded that the greater weight of evidence supported the conclusion that Petitioner had committed the offense of "refusing to provide a urine sample." *Id.* The DHO sanctioned him with the disallowance of 41 days of Good Conduct Time and restrictions on commissary and visitation privileges. *Id.*

The instant petition for writ of habeas corpus,[1] filed pursuant to 28 U.S.C. § 2241, challenges the outcome of the disciplinary process. Petitioner asserts that Kish and other corrections officers "lied on [the] Disciplinary Report to cover up sexual harassment and torture in [the] holding cell on July 30, 2022 where they used an electronic bullhorn to scream at [Petitioner]" in his cell. ECF No. 5 at p. 7. Respondent having filed an answer, *see* ECF No. 13, this matter is fully briefed and ripe for disposition.

III.   Standard of review

Federal prisoners have a liberty interest in statutory good time credits. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *see also* 18 U.S.C. § 3624(b)(1). While "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply," the United States Supreme Court has identified the following minimum procedural due process rights that must be afforded to a prisoner accused of misconduct in prison which may result in the loss of good time credit: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the disciplinary charges; (3) an opportunity to call witnesses and present documentary evidence in his defense when it is consistent with institutional safety and correctional goals; (4) assistance from an inmate

---

[1] Under § 2241, district courts have authority to grant habeas corpus "within their respective jurisdictions." Petitioner is confined at FCI McKean, which is located within the territorial boundaries of the Western District of Pennsylvania.

representative if the charged inmate is illiterate or complex issues are involved; and, (5) a written decision by the fact finder of the evidence relied upon and the rationale behind the disciplinary action. *Wolff*, 418 U.S. at 563-67.

In reviewing a disciplinary proceeding, the Court's function is not to decide whether it would have reached the same decision, but to consider "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-57 (1985). *See also Denny v. Schultz*, 708 F.3d 140, 145 (3d Cir. 2013) ("[A] reviewing court need only find that the DHO's decision had 'some basis in fact' in order to affirm the decision as comporting with the Due Process Clause."). This review is minimal, and "[a] challenge to the weight accorded evidence is not relevant to the question of whether the decision was supported by 'some evidence' because the standard does not require 'weighing of the evidence.'" *McCarthy v. Warden Lewisburg USP*, 631 Fed. Appx. 84, 86–87 (3d Cir. 2015) (quoting *Hill*, 472 U.S. at 455). Rather, "[o]nce the reviewing court determines that there is some evidence in the record to support the finding of the hearing officer, an inmate's challenge to the weighing of the evidence must be rejected." *Cardona v. Lewisburg*, 551 Fed. Appx. 633, 637 (3d Cir. 2014).

IV.    Discussion

Petitioner challenges the DHO's decision on the lone ground that the charged misconduct – refusal to take a urinalysis test – never occurred. ECF No. 5 at p. 7. Petitioner does not dispute that his disciplinary hearing satisfied the minimum due process safeguards outlined in *Wolff*, but he maintains that the DHO lacked "some evidence" to support his decision. More specifically,

4

Petitioner maintains that the DHO denied his request for video evidence and improperly credited Kish's testimony over his own.[2] *Id.*

As noted above, the Court's sole function is to consider "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-57. In the instant case, the evidence considered by the DHO included the reporting officer's written eyewitness report and Petitioner's oral statement at the hearing. The DHO noted that there was no video evidence available because "video surveillance capabilities are not available in [that] specific area [of the prison]." ECF No. 13-4 at p. 4. The DHO found Petitioner's denial of misconduct "insufficient to excuse [him] from the offense" because "[he] did not provide nor did the DHO find, any credible evidence to identify that the reporting officer had fabricated his account or the incident." *Id.* The DHO also noted that the reporting officer "[had] no apparent vested interest in [Petitioner] or motive to wrongly implicate [him]" whereas Petitioner had "an obvious reason to be less than truthful about the incident to avoid the consequences of [his] actions." *Id.* The DHO concluded that the "greater weight of evidence" supported a finding that Petitioner had committed the offense of refusing to provide a urine sample. *Id.*

Based on the foregoing, the Court finds that "some evidence" plainly supported the charge and, therefore, Petitioner's due process rights were not violated by the DHO's determination. In this case, the only evidence available to the DHO was the officer's statement that Petitioner committed the offense and Petitioner's denial of the same. The DHO found Petitioner guilty after crediting the officer's account over Petitioner's denial. To overturn Petitioner's disciplinary sanction, the Court would have to impermissibly reweigh the testimony and credit Petitioner's

---

[2] In addition to challenging the outcome of his disciplinary hearing, Petitioner complains of various abusive practices at FCI Hazelton and seeks $65,000 in damages for alleged "civil rights violations." ECF No. 5 at p. 8. These claims are not cognizable in a habeas action and will be dismissed without prejudice to Petitioner's right to file a § 1983 complaint challenging the same conduct.

5

denial over the officer's accusation. This it cannot do. *See, e.g., Donahue v. Grondolsky*, 398 Fed. Appx. 767, 772 (3d Cir. 2010) (noting that courts are not "to re-weigh the evidence, or re-assess the credibility of [a petitioner's] defense"); *Sepulveda v. Warden Canaan USP*, 645 Fed. Appx. 115, 118 (3d Cir. 2016) (reviewing court may not independently assess the credibility of witnesses or re-weigh the evidence so long as the DHO's decision is supported by "any evidence in the record") (quoting *Hill*, 472 U.S. at 454-56). Accordingly, Petitioner's § 2241 petition must be denied.[3]

V.    Conclusion

For the foregoing reason, Petitioner's petition for a writ of habeas corpus is denied.[4] An appropriate order follows.

Dated this 25th day of November, 2025.

BY THE COURT:

RICHARD A. LANZILLO
Chief United States Magistrate Judge

---

[3] Respondent also raises an exhaustion defense. ECF No. 13 at p.7. Petitioner, in turn, argues that he was prevented from exhausting his administrative remedies because DOC officials thwarted his attempts and refused to process his papers. ECF No. 17 at pp. 1-2. Because some evidence plainly supports the disciplinary action at issue, the Court need not address this dispute.

[4] Because "[f]ederal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement," the Court need not make a certificate of appealability determination in this matter. *Williams v. McKean*, 2019 WL 1118057, at *5 n. 6 (W.D. Pa. Mar. 11, 2019) (citing *United States v. Cepero*, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by *Gonzalez v. Thaler*, 565 U.S. 134 (2012)); 28 U.S.C. § 2253(c)(1)(B).